[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Stephen Sanders, appeals from the judgment of the trial court convicting him, following a bench trial, of felonious assault in violation of R.C. 2903.11(A)(2). The trial court, noting his five prior assault convictions, sentenced Sanders to a three-year prison term. In his single assignment of error, Sanders contends that the trial court's finding of guilty was against the manifest weight of the evidence. The assignment of error is without merit.
At trial, the only disputed issue was Sander's identity as the perpetrator of the offense. It was undisputed that between 1:30 and 2:30 p.m. on June 15, 1998, Sanders had a dispute with Monica Watson, a teller supervisor, at a branch office of the Star Bank. Because he had become impatient waiting for service, he expressed his displeasure to Ms. Watson. After she declined to cash his check because he was not a bank customer, the verbal exchange between them became more strident. Ms. Watson testified that, as he left, Mr. Sanders said, "I should ____ you up." Sanders did deny saying this.
Ms. Watson testified that she left work at 6:30 p.m. She said that she made stops at her daughter's home and at the Kroger store on Mitchell Avenue. She then drove toward her home, but as she was driving near Spring Grove Cemetery between 7:00 and 7:30 p.m., she heard a horn blowing. As she began to move to the right, a maroon automobile struck her in the right front bumper. She got out of her automobile to inspect the damage, and Sanders looked out the window of the maroon automobile, pointed, said, "I told you I'd ____ you up, bitch," and then drove away.
Although Ms. Watson was not injured, the hood, front bumper, and fender of her automobile were damaged in the amount of $3,600. She subsequently identified Sanders from a videotape made by the bank surveillance camera and from a police photo array.
Sanders denied that he was in any way involved in this incident, claiming that he was at his residence at the time. He argued to the trial court the improbability of his waiting for Ms. Watson, from 2:00 p.m. until she left work at 6:30 p.m. and then following her over the length of the route from the bank to where her automobile was struck. He denied owning a maroon or red Mercury automobile, and a damaged automobile as described to police by Ms. Watson was never found. On cross-examination by Sanders' counsel, however, the investigating police officer testified that at Sanders's residence a woman told him that Sanders had a friend who had a maroon automobile.
At the conclusion of the evidence, the trial court found Sanders guilty because "he has access to the car" and Ms. Watson "unequivocally identified him." The trial court concluded, "I believe beyond a reasonable doubt that he saw her when she was in Kroger's and embarked on this."
The trial court was entitled to believe Ms. Watson and to disbelieve Sanders. Conflicts in the evidence, including the credibility of the witnesses, are primarily for the trier of fact to resolve. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus. After review of the record and sitting as a "thirteenth juror," we cannot conclude the trial court lost its way and created such a manifest miscarriage of justice that we must reverse the conviction and order a new trial. See State v. Thompkins (1997),78 Ohio St.3d 380, 387, 678 N.E.2d 541, 546-547.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., GORMAN and SHANNON, JJ.
 To the Clerk:
Enter upon the Journal of the Court on February 16,2000 per order of the Court _______________________________.
Presiding Judge